J-S35021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW EDWARD THOMAS | : | No. 1695 MDA 2017 |

Appeal from the Order Entered October 25, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000252-2017

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, J.:          **FILED OCTOBER 29, 2018**

The Commonwealth of Pennsylvania appeals[1] from the order suppressing the results of blood tests administered to Appellee, Matthew Thomas. The Commonwealth argues the suppression court erred in concluding that the failure to advise Thomas of the effect of ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016), negated his consent to the blood test. We reverse and remand.

Our scope and standard of review following an order granting a suppression motion are as follows.

> When reviewing the propriety of a suppression order, an appellate court is required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those

---

[1] The Commonwealth has certified that the trial court's order substantially handicaps its prosecution as required by Pa.R.A.P. 311(d).

findings are appropriate. Because Appellee prevailed in the suppression court, we may consider only the evidence of the defense and so much of the evidence for the Commonwealth as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, "[t]he suppression court's conclusions of law … are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts." As a result, the conclusions of law of the suppression court are subject to plenary review.

**Commonwealth v. Salter**, 121 A.3d 987, 992 (Pa. Super. 2015) (citation omitted; brackets in original).

An extended factual and procedural history is unnecessary to the resolution of this appeal. Patrolman Shaun McCready found Thomas at the scene of an accident and noticed that he appeared to be intoxicated. At the local hospital, Patrolman McCready read the recently modified DL-26 form. This form had been modified in reaction to **Birchfield** so it did not include a warning that Thomas could suffer enhanced criminal penalties if he refused the blood test.

The suppression court found that "[n]o evidence suggested any coercion by [Patrolman McCready] to influence [Thomas's] decision as to whether or not to take the test." However, the court suppressed the test results since Thomas could not knowingly and consciously consent to the test without being explicitly informed that he could refuse the test "without any criminal law consequences."

This Court has rejected that reasoning. ***See Commonwealth v. Johnson***, 188 A.3d 486 (Pa. Super. 2018). "Johnson's ignorance of the most recent Supreme Court decisional law did not impose upon [police] an affirmative duty to provide [Johnson] with an update on criminal procedure prior to requesting a blood draw." ***Id***., at 491.

The same is true here. The court relied only on Thomas's ignorance of ***Birchfield*** in suppressing the blood test results. It found no other suggestion of coercion. Under these circumstances, the court erred in suppressing the results.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/2018